UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00124-GNS

LIONEL LONG, Managing Partner,
TASTE OF ASIA LLC                                                                                              PLAINTIFF

v.

AGENT CARLOS HERNANDEZ et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 4). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff Lionel Long ("Long"), as Managing Partner of Taste of Asia LLC ("Taste of Asia"), filed a *pro se* action in Casey Circuit Court (Kentucky) against Defendants Agent Carlos Hernandez ("Hernandez") of the U.S. Customs and Border Protection ("CBP"), and the Office of Chief Counsel of the CBP (collectively, "Defendants"). (Compl. ¶ 1, DN 1-1). Long alleges that Hernandez violated the rights of the Taste of Asia by seizing a tuk tuk[1] shipped from Thailand to the Port of Savannah, Georgia, and "refused to perform the actions associated with his official duties after receiving the form HS-7 completed by [Long] . . . ." (Compl. ¶¶ 1, 9). Long contends that the tuk tuk was seized because it did not comply Department of Transportation and Environmental Protection Agency laws, but he asserts that the vehicle is not subject to those laws. (Compl. ¶¶ 16-17). In seeking relief, the Complaint cites or quotes the Fifth Amendment

---

[1] A tuk tuk is also called an auto rickshaw. *See Thailand Government Says Bangkok Has Too Many "Tuk-Tuks"*, Asian Correspondent (Apr. 15, 2016), https://web.archive.org/web/20160426 023304/https://asiancorrespondent.com/2016/04/thailand-government-says-bangkok-has-too-many-tuk-tuks/.

of the U.S. Constitution, two recent U.S. Supreme Court cases, 49 C.F.R. § 591.5, and KRS 514.080 (theft by extortion). (Compl. ¶¶ 25-28). Long seeks the release of the tuk tuk and a second unidentified item in the shipping container, for thirty days to make the necessary alterations for the tuk tuk to comply with emission standards, and a court order allowing him to access the tuk tuk where it is being stored in Georgia. (Compl. 5).

Defendants removed the matter to this Court and have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Notice Removal, DN 1; Defs.' Mot. Dismiss, DN 4). Plaintiff has not responded and failed to respond to the show cause order.[2] (Order, DN 6).

## II.  DISCUSSION

Defendants seek dismissal of Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Defs.' Mem. Supp. Mot. Dismiss 6-24, DN 22-1). Threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should generally be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

### A.  Fed. R. Civ. P. 12(b)(1)

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in their complaint and require the court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction.

---

[2] As alleged in the Complaint, Long and his wife are the members of Taste of Asia, which is a limited liability company ("LLC"). (Compl. ¶ 3). While Long filed this matter *pro se* as the managing partner of the Taste of Asia, a non-lawyer cannot represent an LLC in litigation. *See Miniard v. LFUCG Div. Code Enf't*, No. 5:23-CV-050-REW, 2023 WL 2587474, at *6 (E.D. Ky. Mar. 21, 2023) ("LLCs . . . may only appear in court through a licensed attorney and may not be represented by a member proceeding pro se." (citations omitted)).

*See id.* In such motions the court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A plaintiff bears the burden in both these situations. *See Bell*, 327 U.S. at 682.

Hernandez was sued in his official capacity as an employee of CBP, which is a claim against the United States. Similarly, any claim asserted against the OFC of the CBP—which is an entity of the Department of Homeland Security—is a claim against the United States.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted). "Sovereign immunity 'extends to agencies of the United States' or "federal officers [acting] in their official capacities." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (alteration in original) (citations omitted). This immunity applies to lawsuits filed in state court against the United States. *See Alden v. Maine*, 527 U.S. 706, 749 (1999) ("It is unquestioned that the Federal Government retains its own immunity from suit not only in state tribunals but also in its own courts."). "[A] waiver of sovereign immunity must be 'unequivocally expressed' in statutory text." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012). "Any ambiguities in the statutory language are to be construed in favor of immunity . . . ." *Id.* (citing *United States v. Williams*, 514 U.S. 527, 531 (1995)).

Defendants contend that the doctrine of derivative jurisdiction precludes this Court from exercising jurisdiction over this removed matter from state court. (Defs.' Mot. Dismiss 3-4). As the Supreme Court has explained, "jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389

(1939) (citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 383 (1922); *Gen. Inv. Co. v. Lake Shore & Mich. S. Ry. Co.*, 260 U.S. 261, 288 (1922)); *see also Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012) ("Under the derivative jurisdiction doctrine, because the state court (where the action was initially filed) did not have subject matter jurisdiction over Plaintiff's claim, this Court also lacks subject matter jurisdiction upon a 28 U.S.C. § 1442 removal." (internal footnote omitted)).

As noted above, the United States has not waived its sovereign immunity to be sued in Kentucky courts. Accordingly, pursuant to the doctrine of derivative jurisdiction, this Court lacks jurisdiction over this removed matter because the Kentucky state court lacked subject matter jurisdiction when the case was initially filed. Defendants' motion is granted on this basis.

Defendants also assert that the state court lacked jurisdiction over this matter due to the Supreme Court in Article VI, Clause 2 of the U.S. Constitution. (Defs.' Mot. Dismiss 5-6). As this Court has noted, "it has been settled law since *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L. Ed. 579 (1819), that by virtue of Article VI, clause 2 of the Constitution there is an entire absence of power on the part of the states to subject instrumentalities of the Federal government to state regulation or control." *Kentucky ex rel. Hancock v. Ruckelshaus*, 362 F. Supp. 360, 368 (W.D. Ky. 1973); *see also Lamb v. Martin Marietta Energy Sys., Inc.*, 835 F. Supp. 959, 963 (W.D. Ky. 1993) ("The Supreme Court has long held that the Supremacy Clause forbids state regulation of the federal government's activities." (citing *McCullough*, 17 U.S. at 426)). Thus, because Long has resorted to a state court seeking a ruling directing the United States government on how to handle his import dispute, the Supremacy Clause barred the state court from exercising jurisdiction.

For these reasons, both the state court and this Court lack subject matter jurisdiction over this dispute because it was originally filed in a state court. Defendants' motion is granted.

**B.    Fed. R. Civ. P. 12(b)(6)**

For the reasons stated above, the Complaint is dismissed due to lack of subject matter jurisdiction. Accordingly, it is unnecessary to consider whether any claims asserted should be dismissed under Fed. R. Civ. P. 12(b)(6).

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 4), and the Complaint (DN 1-1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 24, 2025

cc:    counsel of record
       Plaintiff, *pro se*